Frank Krol, Appellee, v. Royal Insurance Company, Limited, Appellant.

## Gen. No. 15,502.

INSURANCE—*burden to establish existence of, covering property destroyed.* It is incumbent upon the plaintiff to show that the defendant company had insured the property destroyed at the paricular place where its destruction took place.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge presiding. Heard in the Branch Appellate Court at the March term, 1909. Reversed with finding of fact. Opinion filed May 16, 1911.

FRANK M. FAIRFIELD, for appellant.

JOHNSON & BELASCO, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of of the court.

This appeal is prosecuted to reverse a judgment of the Superior Court in favor of appellee, Frank Krol, against appellant, Royal Insurance Company, for $450 on a policy of insurance alleged to have been issued insuring appellee in the sum of $1,000 against loss by fire on household furniture, etc., contained in house No. 606 South Loomis Street, Chicago.

We have searched the abstract and the record for competent proof of the policy alleged in the additional count of the declaration, and we find no such proof in the evidence offered on behalf of the plaintiff. The evidence shows that while the plaintiff was residing at No. 4556 South Ashland Avenue, Chicago, a policy of insurance was issued to him by the appellant, but this policy was not transferred to No. 606 or 6006 South Loomis Street, when appellee moved there, nor was there a new policy issued to appellee covering property at that number or any other place. According to the evidence

the only premises on which any insurance was issued to appellee was No. 4556 South Ashland Avenue. That policy is shown by the defendant's 'evidence, and covered "household and kitchen furniture,  *  *  *  all while contained in above described dwelling." The evidence on behalf of the plaintiff is most unsatisfactory and contradictory on its face, and does not tend to prove the averments of the declaration. The evidence for the defendant, appellant, makes it clear beyond any reasonable question that the property of appellee was never insured at 606 or 6006 South Loomis Street, where it was destroyed by fire.

The judgment is reversed with a finding of fact.

*Reversed with finding of fact.*